**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALAN MATTHEW SPADONE<br><br>                  Plaintiff,<br><br>v.<br><br>JOHN M. McHUGH<br><br><br>                  Defendant. | Civil Action No. 1:11-cv-01601 (RWR) |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>DEFENDANT'S MOTION TO DISMISS</u>**

August 3, 2012

Joseph E. Fluet, III (USDC BAR # 480527)
Christian B. Nagel (admitted *pro hac vice*)
FLUET HUBER + HOANG, PLLC
4000 Genesee Place, Suite 205
Lake Ridge, VA 22192
(703) 590-1234

*Counsel for Plaintiff Alan Matthew Spadone*

## **TABLE OF CONTENTS**

**Page**

I. Statement of the Case...………………………………………………………………………1

II. Facts……...………………………………………………………………………..………….1

III. Standard of Review……………………………………………………………………….2

        A.      Dismissal for Lack of Subject Matter Jurisdiction…………..………………….2

IV. Argument.………………………………………...…………………………3

        A.      Plaintiff is Entitled to Damages………………………………………......……4

        B.      Plaintiff Has Interest in Injunction……………………………………….....…5

<u>CONCLUSION</u> ……………………………………………………………………...….7

**TABLE OF AUTHORITIES**

CASES

Ashcroft v. Iqbal,

    556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)……………………..….3

Bell v. Hood,

    327 U.S. 678, 684, 66 S. Ct. 773, 777, 90 L. Ed. 939 (1946………………………………...3

Bell Atlantic Corp. v. Twombly,

    550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)………………...………3

Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,

    403 U.S. 388, 397, 91 S. Ct. 1999, 2005, 29 L. Ed. 2d 619 (1971)……………………….5

Comm. for the First Amendment v. Campbell,

    962 F.2d 1517, 1526 (10th Cir.1992)……………….…………………………………..6

Ellis v. Railway Clerks,

    466 U.S. 435, 442, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984)………...…………………….3

Engel v. Vitale,

    370 U.S. 421, 429, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962)…………………………………6

Harlow v. Fitzgerald,

    457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)…………………………………...6

Hartman v. Moore,

    547 U.S. 250, 255, 126 S. Ct. 1695, 1700, 164 L. Ed. 2d 441 (2006)……………………5

Honig v. Doe,

    484 U.S. 305, 321, 108 S. Ct. 592, 603, 98 L. Ed. 2d 686 (1988)……………………...4, 5

Knox v. Serv. Employees Int'l Union, Local 1000,

    S. Ct. 2277, 2287 (2012)……………………………………………………….……2

Lee v. Weisman,

    505 U.S. 577, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992)………………………….…….3

Marbury v. Madison,

    5 U.S. 137, 163, 2 L. Ed. 60 (1803)…………………………………………………….7

Mellen v. Bunting,

    327 F.3d 355 (4th Cir. 2003) ……………….……………….....………………..5, 6

O'Connor v. Washburn University,

     416 F.3d 1216 (10th Cir. 2005)………………………………….……………………5

People for Ethical Treatment of Animals, Inc. v. Gittens,

    396 F.3d 416, 421 (D.C. Cir. 2005)……………………….………..…………….. 5

Utah Animal Rights Coal. v. Salt Lake City Corp.,

    371 F.3d 1248, 1257-58 (10th Cir. 2004)…………………………………………….6

I. **Statement of the Case**

Alan Matthew Spadone ("Plaintiff" or "Spadone") originally filed suit against Defendant Hon. John M. McHugh, Secretary of the Army ("Defendant") for a number of claims, including a violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 et seq., the Due Process Clause of the Fifth Amendment, and the Establishment Clause of the First Amendment, and unjust enrichment for the Army in connection with his disenrollment from the United States Military Academy ("West Point"). After Defendant's first Motion to Dismiss or for Summary Judgment, one of Spadone's claims still remains – namely, that Spadone's Constitutional rights under the Establishment Clause were violated when the West Point Commandant of Cadets ordered Spadone to recite a religious prayer. As this order came from an Army Brigadier General, his military superior, Spadone had no choice but to comply. Although Spadone later was disenrolled from West Point, Spadone has since received orders requiring him to serve for two years on active duty as an enlisted soldier in the Army.

Defendant has filed a Motion to Dismiss For Lack of Subject Matter Jurisdiction as well as Supporting Memorandum of Law ("Defendant's Motion"). Defendant's Motion argues that the case is moot and is no longer a live case or controversy. Spadone files this Memorandum of Law in Opposition to Defendant's Motion.

II. **Facts**

Spadone hereby incorporates the facts as alleged in his Complaint. In brief, Spadone was accused of violating West Point's Honor Code. As part of the process to determine his punishment, a panel was convened which consisted of the Commandant of Cadets, the Corps of Cadets Command Sergeant Major, Spadone's Tactical Officer, and five fellow cadets.

After approximately ninety (90) minutes of questioning by the panel, the Commandant of Cadets, a Brigadier General, ordered Spadone to read aloud and contemplate a religious prayer while standing in a rigid position of military attention. This was a military order from a superior officer to a subordinate, under the color of law, to worship a particular deity. Moreover, Spadone was forced to undertake this humiliating disciplinary exercise in front of five of his peers. His fundamental right to his own private religious beliefs thus was stripped from him, and in reciting the prayer, he was made to proclaim in front of others a particular religious creed.

The Commandant of Cadets made it clear that failure to read the prayer aloud and consider its meaning as applied to Spadone's case would result in a less favorable outcome of the panel inquiry. The order indicated that Spadone was required for religious reasons to admit his purported dishonesty. Spadone reported this traumatizing incident to two West Point attorneys who neither took action nor provided him any legal counsel in response. Although Spadone later was disenrolled from West Point, he has since been issued military orders requiring him to serve two years on active duty as an enlisted Army soldier.

These facts highlight critical components of Spadone's claim that Defendant's Motion failed to acknowledge, and represent a live case or controversy.

### III.   Standard of Review

A.  Dismissal for Lack of Subject Matter Jurisdiction

A plaintiff has a live case or controversy if it would be possible for the court to grant the plaintiff any relief under any circumstances. "A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." Knox v. Serv. Employees Int'l Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) (internal citations omitted). The case is not moot if the plaintiff can demonstrate that he or she has an actual interest in

2

prevailing. "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Ellis v. Railway Clerks, 466 U.S. 435, 442, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984).

Further, to survive a motion to dismiss, the complaint must merely "state a claim to relief that is plausible on its face". Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

As set forth herein, Spadone has presented facts in his Complaint and subsequent filings that, if proven at trial, would entitle Spadone to relief.

## IV.     Argument

Spadone's constitutional rights were violated when he was ordered to recite a religious prayer by an individual who is his military superior as well as a faculty member at a public institution. The Establishment Clause prohibits a state from sponsoring even a nondenominational type of prayer. Lee v. Weisman, 505 U.S. 577, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992). Spadone's claim is even more egregious than a simple state-sponsored prayer in that he was ordered to recite the prayer aloud as part of the disciplinary process for purported wrongdoing. Although Spadone was disenrolled from West Point, he also was ordered to serve two years on active duty as an enlisted Army soldier. Consequently, Spadone will be subject to the authority of the Defendant for at least another two years. As long as Spadone is in the Army, his constitutional rights will be in danger. Without an injunction, Spadone may be subject once more to a military superior's order to pray. "[W]here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." Bell v. Hood, 327 U.S. 678, 684, 66 S. Ct. 773, 777, 90 L.

Ed. 939 (1946). Under the authority of the Defendant, Spadone's most fundamental constitutional rights were violated; as such, he is entitled to nominal damages and, at the very least, injunctive relief to ensure that he will never again be ordered to pray in the Army.

    A. <u>Plaintiff Has an Interest in Injunctive Relief</u>

Defendant asserts that Spadone does not stand to benefit from an injunction because he is no longer at West Point. However, although Spadone was ordered to disenroll from West Point, he subsequently received orders to enlist in the Army. Therefore, Spadone is still subject to the Army policies and disciplinary actions.

West Point is a military academy whose cadets are subject to the Uniform Code of Military Justice and whose graduates receive a commission from the President of the United States to become Army officers. Nevertheless, Defendant argues that a constitutional violation by West Point military faculty is analogous to a violation by a teacher at an ordinary public school. While Spadone was, indeed, a student at a public, government-funded institution, the scope of Defendant's authority reaches beyond that of simply the academy. Defendant's authority encompasses the entirety of the Army, in which Spadone has been ordered to serve for the next two years. Because Spadone is still under the authority of the Secretary of the Army, Spadone stands to benefit from an injunction against Defendant, and anyone serving under his authority in the Army, forcing subordinates to pray. An appropriate injunction against the Secretary of the Army may be a prohibition on any Army superior issuing an order requiring a lower-ranking individual to engage in prayer.

Even under the inapt public education analogy drawn by Defendant's Motion, the Court here still maintains the authority to act in prevention of future violations by individuals under Defendant's authority. The Supreme Court has determined that students need not remain at the

4

school for courts to act in preventing future violations by the state authority in charge of the school. For example, in <u>Honig v. Doe</u>, it did not matter that the student plaintiff had left the defendant school district while the case was on appeal. "While the actions of [district] officials first gave rise to this litigation, the District Judge expressly found that the lack of a state policy governing local school responses to disability-related misconduct had led to, and would continue to result in, [the same] violations." <u>Honig</u>, 484 U.S. 305, 321, 108 S. Ct. 592, 603, 98 L. Ed. 2d 686 (1988). Thus, while the student might have moved school districts, the state authority maintained control over all state schools – thus allowing for the potential of future harm to the student.

      Here, as in <u>Honig</u>, Spadone will continue to be subject to Defendant's authority even though he is no longer enrolled at West Point.  Like the Commandant of Cadets, a military superior may incorporate prayer into the military disciplinary process at Spadone's new Army unit.  And, like at West Point, Spadone then would be required to comply with the order or risk further punishment for disobeying the order of a superior.  This Circuit has determined that "issues or wrongs 'capable of repetition, yet evading review' are not moot." <u>People for Ethical Treatment of Animals, Inc. v. Gittens</u>, 396 F.3d 416, 421 (D.C. Cir. 2005).  The wrong against Spadone is capable of repetition during his continued required service in the military, meaning that this matter is not moot.

      B. <u>Plaintiff's Injury Entitles Him to Damages</u>

      In addition to injunctive relief, the facts as alleged entitle Spadone to receive nominal damages. Spadone suffered a violation of his constitutional rights when he was ordered to recite a prayer as part of the disciplinary process. Under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, a plaintiff is entitled to receive damages for a federal official's

Constitutional violation. <u>Bivens</u>, 403 U.S. 388, 397, 91 S. Ct. 1999, 2005, 29 L. Ed. 2d 619 (1971). The District of Columbia Circuit Court recognizes that the court must award at least nominal damages for a violation of 42 U.S.C. §1983. <u>See</u> <u>People for Ethical Treatment of Animals, Inc. v. Gittens</u>, 396 F.3d 416, 421 (D.C. Cir. 2005). Although Defendant here is liable pursuant to the <u>Bivens</u> holding, a "<u>Bivens</u> action is the federal analog to suits brought against state officials" under §1983. <u>Hartman v. Moore</u>, 547 U.S. 250, 255, 126 S. Ct. 1695, 1700, 164 L. Ed. 2d 441 (2006); <u>see also</u> <u>O'Connor v. Washburn University</u>, 416 F.3d 1216 (10th Cir. 2005) ("An award of nominal damages is an appropriate remedy for a violation of the Establishment Clause"). Therefore, even if the injunctive relief is unavailable, the case is not rendered moot. Federal courts have applied this principle in multiple circumstances.  <u>See</u> <u>Mellen v. Bunting</u>, 327 F.3d 355, 365 (4th Cir. 2003) ("Although the Plaintiffs' claims for declaratory and injunctive relief are moot, their damage claim continues to present a live controversy"); <u>see also</u> <u>Comm. for the First Amendment v. Campbell</u>, 962 F.2d 1517, 1526 (10th Cir.1992) ("the district court erred in dismissing the nominal damages claim which relates to *past* (not future) conduct"). Therefore, even if the conduct might never be repeated, the court still has jurisdiction to determine whether Defendant violated the Establishment Clause. Federal courts likewise have applied this principle in other settings.  <u>See</u> <u>Utah Animal Rights Coal. v. Salt Lake City Corp.</u>, 371 F.3d 1248, 1257-58 (10th Cir. 2004).

  Even though Defendant is a state official, he is not immune from damages because he was on notice that his actions violated the Constitution. An official is not immune if the actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Mellen v. Bunting</u>, 327 F.3d 355, 375 (4th Cir. 2003) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In <u>Mellen</u>, the court held

that a Virginia Military Institute sponsored prayer violated the First Amendment. 327 F.3d 355, 376 (4th Cir. 2003). "Indeed, 'one of the greatest dangers to the freedom of the individual to worship in his own way [lies] in the Government's placing its official stamp of approval upon one particular kind of prayer.'" Mellen, at 376 (quoting Engel v. Vitale, 370 U.S. 421, 429, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962)).

In Spadone's case, the coercion was made even more egregious by the fact that he was ordered directly to pray by a government actor in the form of an Army Brigadier General (who also was a faculty member at a public, government-funded institution). Because the order was issued from his military superior, it was not voluntary and Spadone had no choice but to comply. Moreover, Spadone was threatened by a government actor with increased punishment were he to refuse the direct order to engage in particular religious activity. The Defendant, therefore, was properly on notice that these actions violated the Constitution.

## V.   Conclusion

Spadone has presented to the court a live case or controversy, in which his maintains a concrete interest. First of all, Spadone has a concrete interest in the outcome because he remains on active duty in the Army as an enlisted soldier, and, therefore, legally under the authority of the Secretary of the Army. If Spadone is not awarded injunctive relief, he may continue to be ordered by Army superiors to pray as part of the disciplinary process. Second, Spadone has asserted a claim that would entitle him to at least nominal damages. For both of these reasons, this case is not yet moot. Since the time of Marbury v. Madison, the Supreme Court has held that "[t]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." 5 U.S. 137, 163, 2 L. Ed. 60 (1803).

Spadone should be afforded the opportunity to prove his case through pre-trial discovery and in a full and open hearing.  Defendant's Motion therefore should be denied.


Dated: August 3, 2012						Respectfully submitted,


							_____/s/_____
							Joseph E. Fluet, III (USDC BAR # 480527)
							Christian B. Nagel (admitted *pro hac vice*)
							FLUET HUBER + HOANG, PLLC
							4000 Genesee Place, Suite 205
							Lake Ridge, VA 22192
							(703) 590-1234

							*Counsel for Plaintiff Alan Matthew Spadone*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

John Gowel, Esq.
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530
john.gowel@usdoj.gov

*Counsel for Defendant*

        /s/
Joseph E. Fluet, III (USDC BAR # 480527)
Christian B. Nagel (admitted *pro hac vice*)
FLUET HUBER + HOANG, PLLC
4000 Genesee Place, Suite 205
Lake Ridge, VA 22192
(703) 590-1234

*Counsel for Plaintiff Alan Matthew Spadone*